Fletcher, J.
This is an indictment against the defendant on the twelfth section of the one hundred and thirty-third chapter of the Revised Statutes, which provides, that “ Every person, who shall attempt to commit an offence prohibited by law, and in such attempt shall do any act toward the commission of such offence, but shall fail in the perpetration, or shall be interrupted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows,” &c.
It is insisted, on the part of the defendant, that the indictment should have set out particularly the property of the unknown person, which the defendant attempted to steal, with an allegation of its value ; and his counsel endeavors to maintain' this proposition, by arguments and authorities applicable to indictments for larceny. But the offence charged in this indictment is a peculiar statutory offence, entirely different and distinct from that of larceny; so that arguments and authorities applicable to the one are wholly inapplicable and irrelevant to the other.
By the statute, every person, who shall attempt to commit an offence prohibited by law, and shall in such attempt dc any act towards the commission of such offence, but shall fail *367 in the perpetration, may be indicted and punished. In the present case, the indictment charges, that the defendant attempted to steal from a person unknown, which was an act prohibited by law, and in such attempt did an act towards the commission of such offence, by thrusting his hand into the pocket of such unknown person, and that he failed in the per petration of the offence. These are all the facts which the statute requires to be alleged and proved, in order to make out this statutory offence.
As the punishment of stealing from the person does not depend on the amount stolen, there was no occasion for any allegation as to value in this indictment. It was not necessary to describe the particular goods attempted to be stolen, nor was it necessary that there should have been any thing in the pocket of the unknown person which could have been stolen. The offence was complete by the general attempt to steal, and the act done towards the commission of the offence by the defendant, by thrusting his hand into the pocket of the unknown person. It was not an intent merely; by the act done it became an attempt.
But it was said in argument for the defendant, that he could not be said to have attempted to steal the property of the unknown person, if there was no property to be stolen; and that therefore the indictment should have set out the property and shown the existence and nature of it by the proof. But it will appear, at once, by a simple reference to the import of the term “ attempt,” that this proposition cannot be maintained. To attempt is to make an effort to effect some object, to make a trial or experiment, to endeavor, to use exertion for some purpose. A man may make an attempt, an effort, a trial, to steal, by breaking open a trunk, and be disappointed in not finding the object of pursuit, and so not steal in fact. Still he remains nevertheless chargeable with the attempt, and with the act done towards the commission of the theft. So a man may make án attempt, an experiment, to pick a pocket, by thrusting his hand into it, and not succeed, because there happens to be nothing in the pocket. Still he has clearly made the attempt, and done the act towards the com *368 mission of the offence. So in the present case, it is not probable, that the defendant had in view any particular article, or had any knowledge whether or not there was any thing in the pocket of the unknown person; but he attempted to pick the pocket of whatever he might find in it, if haply he should find any thing; and the attempt, with the act done of thrusting his hand into the pocket, made the offence complete. It was an experiment, and an experiment which, in the language of the statute, failed; and it is as much within the terms and meaning of the statute, if it failed by reason of there being nothing in the pocket, as if it had failed from any other cause. The following cases fully support the view taken in this case, and I am not aware of any opposing authorities: King v. Higgins, 2 East, 5; People v. Bush, 4 Hill, 133; Josslyn v. Commonwealth, 6 Met. 236; Rogers v. Commonwealth, 5 S. & R. 463.
This decision is confined to the particular case under consideration, of an attempt to steal from the person ; as there may perhaps be cases of attempts to steal, where it would be necessary to set out the particular property attempted to be stolen, and the value. It not being necessary, in the present case, to set out in the indictment the property attempted to be stolen, the defendant’s exception to the ruling of the judge, that there need be no evidence of any property in the pocket of the unknown person, cannot, of course, be sustained, unless such evidence was made necessary by the allegations in the indictment.
The indictment alleges that the defendant attempted to steal from the unknown person his personal property then in his pocket, and in his possession, neither the name nor the value of the property being known to the jurors. But this allegation is wholly unnecessary and immaterial, and may be stricken out; and the indictment will still remain sufficient, and contain all the allegations necessary to make out the offence against the defendant, and to warrant the conviction.
It not being necessary to allege, that there was any thing in the pocket of the unknown person, and as all that part of the *369 indictment may be stricken out, the ruling of the court, that there need be no evidence of any property in the pocket of the person was correct, and is fully supported by authority. Roscoe Crim. Ev. 100. Exceptions overruled.